IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILAFALAM PRICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC.,<br><br>Defendant. | CIVIL ACTION NO:<br>1:22-cv-5083 |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF WILAFALAM PRICE, individually and on behalf of all others similarly situated, files this Class Action Complaint and states as follows:

1. Mr. Price brings this action against Defendant Sterling Infosystems, Inc. for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq*.

2. The FCRA and NY FCRA both require that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); N.Y. Gen. Bus. Law § 380-j(e).

3. Plaintiff brings this action on behalf of hundreds, if not thousands, of employees and employment applicants throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by Defendant and sold to employers. Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting offense types in consumer reports that are not accurate and that cause damage to the subjects of the reports.

1

4. Defendant's practice harms consumers seeking employment by prejudicing their employers and prospective employers with inaccurate information, and also harms interstate commerce as a whole.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and supplemental jurisdiction over Plaintiff's NY FCRA claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant is headquartered in New York, it regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

7. Defendant has contracted to supply services or things in New York. It sells consumer reports in New York and produces consumer reports on New York residents. It also gathers and maintains substantial public records data from New York.

## PARTIES

8. Mr. Price is a resident of New Jersey. He is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c) and the NY FCRA, N.Y. Gen. Bus. Law § 380-a(b).

9. Defendant is a Delaware corporation that conducts business throughout the United States.

10. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f) and N.Y. Gen. Bus. Law § 380-a(e).

**FACTUAL ALLEGATIONS**

**Defendant's Practices As A Consumer Reporting Agency And Furnisher Of <u>Consumer Information For Employment Purposes</u>**

11. At all times pertinent hereto, Defendant has been a CRA as defined by section 1681a(f) of the FCRA section 380-a(e) of the NY FCRA.

12. At all times relevant hereto, Plaintiff has been a "consumer" as defined by section 1681a(c) of the FCRA and section 380a(b) of the NY FCRA.

13. The FCRA and NY FCRA each regulate the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

14. Defendant investigates and reviews public record databases and maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

15. From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various employees and job applicants.

16. Based on a common policy and practice, Defendant regularly and unlawfully reports inaccurate offense levels in its consumer reports. For example, Defendant regularly and unlawfully reports misdemeanor or disorderly persons offenses as felony or indictable offenses.

17. Defendant does and should know that it is unlawfully reporting inaccurate offense levels in its consumer reports, as it receives hundreds, if not thousands, of disputes from consumers on this issue and it issues revised reports for a significant number of these disputes.

18. Defendant's practice not only violates the FCRA and NY FCRA as a matter of law, but it also exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal records that they do not have, it harms

their reputations, and they are viewed as less desirable job applicants and more likely not to be hired or continue to be employed by the employers who pay Defendant for such reports.

**Facts Specific to Plaintiff**

19. In 2021 and 2022, Mr. Price had been working as a contractor for Eli Lilly in a Calibration Technician position. To obtain this position, Mr. Price had successfully passed a background check.

20. In 2022, Mr. Price learned that Eli Lilly was hiring for a full-time Calibration Technician position, complete with hourly compensation and benefits.

21. In early 2022, Mr. Price applied for the full-time position. Mr. Price had little doubt that he would be eligible for the position, as he was working at that time in the same position as a contractor.

22. On or about March 24, 2022, Eli Lilly purchased a consumer report from Defendant on Mr. Price in connection for his application for the full-time Calibration Technician position.

23. That same day, Defendant furnished its consumer report to Eli Lilly.

24. The consumer report was prepared and used for employment purposes.

25. Once it received Defendant's consumer report, Eli Lilly informed Mr. Price that he could not work for the company because he had a felony on his record.

26. When Mr. Price reviewed Defendant's consumer report, he discovered that Defendant had reported inaccurate information about him that painted him in a negative light.

27. Specifically, Defendant reported that Mr. Price had been convicted of an "Indictable" offense type for simple assault, which is the equivalent of a felony in New Jersey.

28. Mr. Price has never been convicted of an "Indictable" offense type.

29. Instead, in 2017, Mr. Price was convicted of a "Disorderly Persons" offense type, which is the equivalent of a misdemeanor in New Jersey.

30. Defendant should have known that Mr. Price had no "Indictable" offense type on his record, as simple assault is classified as a "Disorderly Persons" offense type in New Jersey's Code of Criminal Justice.

31. Shortly after he learned of Defendant's error, Mr. Price contacted Defendant to dispute its erroneous reporting.

32. Defendant conducted a reinvestigation once it learned of its error and issued an amended consumer report on or about March 29, 2022.

33. In the amended consumer report, Defendant no longer reported Mr. Price as having an "Indictable" offense type. Instead, Defendant amended Mr. Price's consumer report and correctly reported that he had a "Disorderly Persons" offense type.

34. Defendant's correction was too little, too late, as Eli Lilly informed Mr. Price that the job was no longer available.

35. The harm suffered by Mr. Price as a result of Defendant's actions was particularized and concrete as Defendant disseminated inaccurate, materially misleading, and defamatory criminal record information about him to a third party, and separately because he lost a job directly as a result of Defendant's conduct.

## CLASS ALLEGATIONS

36. Plaintiff brings this action individually and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> (a) All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) about whom Defendant furnished a consumer report for employment purposes, (iii) whose report contained one or more items of criminal record information for which the description of the offense type/charge level of the criminal record listed on the report was higher than the charge type/charge level of the true final disposition listed on the public record

(b) All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) about whom Defendant furnished a consumer report for employment purposes, (iii) whose report contained one or more items of criminal record information, (iv) who disputed the description of the offense type/charge level of the criminal record included on the report, and (v) whose disputes resulted in a correction to the description of the offense type/charge level.

37. Courts have certified similar classes involving CRAs that reported inaccurate offense types/charge levels. *See, e.g.*, *Shekar v. Accurate Background, Inc.*, No. 2:17-cv-00585-LA (E.D. Wis. July 24, 2020).

38. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

39. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Classes are so numerous that joinder of all is impractical. Upon information and belief, the number of job applicants and employees harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

40. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others, whether Defendant willfully violated Section 1681e(b) by reporting inaccurate offense levels in its consumer reports.

41. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

42. **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the

Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

43. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## FIRST CLAIM FOR RELIEF

### Class Claim

### (15 U.S.C. § 1681e(b))

44. Plaintiff realleges Paragraph Nos. 1-43 as if fully set forth herein.

45. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff and others similarly situated.

46. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

47. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

48. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and others similarly situated of their rights under the FCRA.

49. Defendant's violations of the FCRA were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.

## SECOND CLAIM FOR RLEIEF

### Individual Claim

### (N.Y. Gen. Bus. Law § 380-j(e))

50. Plaintiff realleges Paragraph Nos. 1-43 as if fully set forth herein.

51. Defendant violated N.Y. Gen. Bus. Law § 380-j(e) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

52. Defendant knew or should have known about its obligations under the NY FCRA. These obligations are well established in the plain language of the NY FCRA, and in well-established case law.

53. Defendant obtained or had available substantial written materials that apprised it of its duties under the NY FCRA.

54. Despite knowing of these legal obligations, Defendant acted consciously and/or recklessly in breaching its known duties and deprived Plaintiff of his rights under the NY FCRA.

55. Defendant's violation of the NY FCRA was willful, rendering it liable pursuant to NY Gen. Bus. Law § 380-l. In the alternative, Defendant was negligent, entitling Plaintiff to recover under NY Gen. Bus. Law § 380-m.

56. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

On the First Claim for Relief:

    a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

    b. Actual, statutory and punitive damages to be determined by the jury;

    c. Attorneys' fees;

    d. Costs of the action;

    e. Such other relief as the Court deems just and proper.

On the Second Claim for Relief:

    a. Actual, statutory, and punitive damages to be determined by the jury;

    b. Attorneys' fees;

    c. Costs of the action;

    d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF** hereby demands a jury trial on all claims for which he has a right to a jury.

DATED: June 7, 2022

By: _/s/ Kevin C. Mallon_
Kevin C. Mallon
**FRANCIS MAILMAN SOUMILAS, P.C.**
One Liberty Plaza, Suite 2301
New York, NY 10006
T:  917-734-6815
F:  215-940-8000
E:  consumer.esq@outlook.com

James A. Francis
Lauren KW Brennan
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market St., Suite 2510
Philadelphia, PA 19103
P:  215-735-8600
F:  215-940-8000
E:  jfrancis@consumerlawfirm.com
E:  lbrennan@consumerlawfirm.com

Andrew L. Weiner
Jeffrey B. Sand
WEINER & SAND LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA  30339
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
js@wsjustice.com

COUNSEL FOR PLAINTIFF